ASAHEL SHERMAN & others *vs.* JASON NEWTON, Executor.

The right given to a widow by *St.* 1854, *c.* 428, to waive the provisions of her husband's will within six months after probate thereof, and take the share to which she would have been entitled if he had died intestate, is a personal right, and does not pass to her representatives, though she die before probate of her husband's will.

APPEAL by the administrator and the children by a former husband of Sarah Lazell, widow of Laban Lazell, from a decree of the probate court, denying the right of the appellants, under *St.* 1854, *c.* 428, to waive the provisions made for the widow in the will of said Laban, and to take the portion of real and personal estate to which she would have been entitled, if he had died intestate; although the widow died seven days after her husband, and before probate of his will, and this application was made within six months after such probate.

*J. Rockwell,* for the appellants. The right given to a widow by *St.* 1854, *c.* 428, to waive the provisions of her husband's will, and take a share in his estate, is a right coupled with an interest, and at his death vested in her and her legal representatives, and, upon her death, descended to them. Had she lived until probate of the will, and then, within six months, waived its provisions, the right thereby acquired by her in the property would undoubtedly have passed to them. They therefore, upon the death of the testator, had an interest in that right, which could not be devested by her death before the time arrived at which her election could be made. *Clapp* v. *Stoughton,* 10 Pick. 463, and by Metcalf, *arguendo,* 465. *Hayden* v. *Stoughton,* 5 Pick. 528. *Brigham* v. *Shattuck,* 10 Pick. 306. Independently of the limit of six months, the election would not be required to be made before a reasonable time had elapsed so that the circumstances might be known. 2 Story on Eq. § 1098. *Delay* v. *Vinal,* 1 Met. 57. 2 Crabb on Real Property, § 2064. The widow having died before she could exercise the right of waiver, it must of necessity be exercised by her representatives. Lit. §§ 334, 352. Co. Lit. 205 *b,* 220 *a.* 2 Crabb on Real Property,

§§ 2153, 2162–2164. *Merrill* v. *Emery*, 10 Pick. 507. *Reed* v *Dickerman*, 12 Pick. 146.

*H. L. Dawes & W. T. Filley*, for the appellee.

MERRICK, J. The *St.* of 1854, *c.* 428, declares that "when any man shall die, having lawfully disposed of his estate by his will, and leaving a widow, the widow may, at any time within six months after the probate of the will, waive the provisions made for her in the will; and she shall, in such case, be entitled to such portion of the real and personal estate, as she would have been entitled to if her husband had died intestate."

The right of waiving these provisions is thus given directly, and in explicit terms, to the widow; and no other person is mentioned, as having it in common with, or deriving it by inheritance, or in succession, from her. As all persons of full age and sound mind are allowed to dispose of their real and personal estate by a final testament duly executed, the distribution of it is to be made in conformity to the devises, bequests and directions which are therein set forth; and no diversion of it to other objects or purposes is permitted, except in particular instances specially provided for by law. To a limited extent, the power of insisting upon such a diversion is conferred by this statute, for her own benefit, upon the widow of a deceased testator. But to make it effectual, the power is to be exercised personally by her, and upon the terms and conditions, and within the period for that purpose prescribed. If she omits, during the six months next succeeding the probate of the will, to waive its provisions in her behalf, her right of doing so is thereby extinguished, and ceases to exist.

Her heirs at law do not appear to have been contemplated as entitled in any way to derive advantage from this privilege; and, accordingly, there is no provision or direction as to the time or manner in which, in any contingency, they should be allowed to avail themselves of it. The widow, and those who at her decease may become her heirs at law, are in no sense identical; and that which is given to the former may never come to the possession or enjoyment of the latter. The motives by which she in her lifetime, and her heirs at law after her decease, would

Sherman & others *v.* Newton, Executor.

be influenced, in respect to provisions made in the last will of her husband in her behalf, may not, and are not likely to be, the same. They would often make their estimates of personal interest upon a different basis. A will may be so made, that upon the most prudent and exact calculation and estimate of the value of its provisions in behalf of the widow, it would be found much more to her advantage to accept than to reject them, while the very reverse would be true with respect to her heirs at law. Thus an annuity for life might, in the exercise of the soundest judgment, be justly regarded by her as of much greater value than the portion of the estate of her husband to which she would have been entitled if he had died intestate ; yet, as the annuity must cease to be payable after her decease, her heirs at law, if her death should occur within six months after the probate of the will, would be almost certain to prefer the latter, as a matter of profit and advantage to them. There are other influences which would be far from having the like effect upon these different parties. The widow might be actuated by motives, decisive with her, but which might prove to be far more lightly appreciated or altogether disregarded by her heirs at law. Many reasons might induce her to acquiesce in the disposition of her husband's property which would be inconclusive and inefficient with them. The will may have been made in conformity to some arrangement mutually understood and consented to, though not having of itself any legal force ; this, or, it may be, mere respect for his wishes, or perception of the urgent wants, or meritorious character, of those whom he has chosen to make the objects of his regard and favor, might successfully prevail with her to forbear from disturbing his arrangements, though each of these considerations would wholly fail to have any effect upon the minds of those who, in the event of her death, would become entitled to her estate.

*Decree affirmed.*